UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ADMINISTRATIVE SUBPOENA | Case No. 3:26-MJ-95(SDV) <br><br> January 30, 2026 |

### APPLICATION FOR ORDER COMMANDING PROVIDER NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF ADMINISTRATIVE SUBPOENA

The United States Government ("Government") requests that the Court order the following provider, **Block, Inc.,** (hereinafter "the Provider") not to notify any person (including the subscribers or customers of the account(s) listed in the subpoena) of the existence of administrative subpoena **CV-26-109878** (hereinafter "the Subpoena"), until January 30, 2027.

The Provider is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the Government obtained the Subpoena, which will be made available for the Court's inspection but will not be filed under seal or included in the sealing envelope. The Subpoena requires the Provider to disclose certain records and information to the Government. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the Subpoena relates to an ongoing criminal investigation into drug trafficking offenses that are neither public nor known to some or all of the targets of the investigation, and its disclosure may alert those targets to the ongoing investigation.

Given the nature of this investigation, much of the evidence likely exists in electronic form. If alerted to the existence of the investigation, the subjects could easily destroy or tamper with that evidence, whether stored by third-party providers or on personal computers, mobile phones, or other electronic devices. Accordingly, there is reason to believe that notification of the existence of the Subpoena will seriously jeopardize the investigation, including by risking flight from prosecution, destruction of or tampering with evidence, and intimidation of potential witnesses. *See* 18 U.S.C. § 2705(b).

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, then the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the Government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a subpoena under 18 U.S.C. § 2703(c)(2). Section 2703(c)(3) provides that when the government proceeds under § 2703(c) (i.e., when it is only seeking records of the provider, and not any content of the subscriber or customer), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the Government respectfully requests that the Court grant the attached Order directing the Provider not to disclose the existence or content of the Subpoena until January 30, 2027, except that the Provider may disclose the Subpoena to an attorney for the Provider for the purpose of receiving legal advice.

Respectfully submitted,

DAVID X. SULLIVAN
UNITED STATES ATTORNEY

*/s/ Lauren C. Clark*
LAUREN C. CLARK
ASSISTANT U.S. ATTORNEY
Federal Bar No. phv09365
1000 Lafayette Boulevard, 10th Floor
Bridgeport, CT 06604
Tel: (203) 696-3000